IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Gary Rudman and Robin Rudman, | ) | C.A. No.:  3:16-03541-JMC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Plaintiffs, Gary and Robin Rudman, by and through their undersigned attorneys, would allege as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Gary Rudman, is a forty-nine (49) year old male. He is legally married to Plaintiff Robin Rudman, and both are citizens and residents of the State of South Carolina.

2. Mr. Rudman is a retired Lieutenant Colonel from the United States Air Force having served from 1989 until April 2011.

2. Jennings Pressly, M.D. ("Dr. Pressly") is, upon information and belief, a licensed radiologist who undertook to provide treatment for Mr. Rudman, including the review and interpretation of a Magnetic Resonance Imaging ("MRI") scan.

3. Upon information and belief, Dorn VA Medical Center in Columbia, South Carolina ("Dorn") is a federally supported medical facility under the United States Department of Veteran Affairs with its principal place of business located in Richland County, South Carolina.

4. Upon information and belief, at all times material to this action, Dr. Pressly was employed by the United States Department of Veteran Affairs, and was a federal employee under

1

the Federal Tort Claims Act acting within the scope of his employment. Upon further information and belief, at all times material to this Complaint, Dr. Pressly had privileges to practice medicine at Dorn.

5. Upon information and belief, Dorn is part of the United States Department of Veteran Affairs which is an agency of the United States of America. Upon further information and belief, pursuant to 42 U.S.C. § 233 and 28 U.S.C. § 1346, the United States of America is to be the exclusively named party for injuries resulting from torts of employees of the federal government acting within the scope of their employment.

6. Upon information and belief, the following alleged acts and/or omissions of Dr. Pressly giving rise to Plaintiffs' claims occurred within the territorial boundaries of Richland County, South Carolina.

7. Upon information and belief, this Court has jurisdiction over the parties and this matter pursuant to 42 U.S.C. § 233 and 28 U.S.C. § 1346.

8. Venue is appropriate pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

9. Upon information and belief, Dr. Pressly is a physician specializing in radiology.

10. At all times material to this Complaint, Dr. Pressly had a duty to provide Mr. Rudman with medical care within the standard of care, and in accordance with generally accepted standards, practices, and procedures.

11. At all times material to this Complaint, Dr. Pressly undertook to provide radiological services for his patients including the review and interpretation of MRI scans. Pursuant to this undertaking and pursuant to any and all licensing and permitting regulations with any and all applicable governmental authorities, Dr. Pressly held himself out to the public in

general, and to Mr. Rudman in particular, as a medical provider qualified and competent to review and interpret MRI scans.

12. In 2013, Mr. Rudman was treated at Dorn for, among other things, his lower back. As part of his treatment, Mr. Rudman received an MRI of his lumbar spine on or about October 16, 2013 the results of which were reviewed and interpreted by Dr. Pressly.

13. Dr. Pressly failed to recognize and disclose to Mr. Rudman or his other treating physicians the patent sacral mass/tumor which was plainly depicted in the October 16, 2013 MRI.

14. The tumor remained undiagnosed and continued to grow on Mr. Rudman's spine until it was diagnosed via a subsequent radiological study in May 2014.

15. Upon information and belief, during the time period between August 2014 and May 2014, the mass substantially enlarged, invaded further tissues, and spread to other areas of the spine. In particular, the isolated plasmocytoma progressed into multiple myeloma.

16. Mr. Rudman's cancerous condition and prognosis substantially worsened, and it became more difficult to treat due to the delay in diagnosis. As a direct and proximate result, Mr. Rudman experienced and continues to experience substantial pain and suffering; incurred significant medical expenses for his extensive cancer treatment; underwent numerous treatments including being exposed to potent and powerful medications and procedures; and has lost enjoyment of life. In addition, Mrs. Rudman now suffers from the loss of companionship, aid, society, and services of her spouse.

17. Upon information and belief, Plaintiffs have complied with all statutory presuit requirements. *See* Form 95's and corresponding exhibits served on the U.S. Department of Veterans' Affairs on April 25, 2016 attached hereto as **Exhibit 1**. As of the date of this filing,

Plaintiffs have received no response to their pre-suit claims and therefore this suit is timely pursuant to 28 U.S.C. § 2675(a) and 45 C.F.R. § 35.2(b). An Affidavit of Merit from Edward A. Gize, MD, a physician qualified and competent to render opinions relating to Dr. Pressly's conduct, is attached hereto as **Exhibit 2**.

### FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
(Professional Negligence)

The allegations of the foregoing paragraphs are incorporated herein as if set forth verbatim.

18. Defendant, through its employee, had a doctor-patient relationship with Mr. Rudman such that the duties of due care were owed by Defendant to Mr. Rudman.

19. Defendant, through its employee(s), breached this duty of care owed to Mr. Rudman.

20. Defendant breached these duties as outlined above and is guilty of negligence, gross negligence, recklessness, and willful and wanton disregard for the health and well-being of Mr. Rudman in one or more of the following particulars:

   a. failing to properly recognize a patent sacral mass apparent in several series of the October 15, 2013 MRI of Mr. Rudman's lumbar spine;

   b. failing to ensure that Mr. Rudman or his other treating physicians had been notified of the presence of the mass; and

   c. Any other particulars as may be proven at trial.

21. As a direct and proximate cause of the Defendant's negligent, grossly negligent, reckless, willful and wanton conduct, as set forth above, Mr. Rudman's tumor went undiagnosed and untreated until May 2014. During this time, the mass substantially enlarged, invaded further

4

tissues, spread to other areas of the spine, and became substantially more difficult to treat. In particular, the isolated plasmocytoma progressed into multiple myeloma.

22. As a direct and proximate result, Mr. Rudman's condition and prognosis substantially worsened and he:

a. Suffered severe physical pain;

b. Suffered, and continues to suffer, substantial mental pain, anguish, and suffering;

c. Incurred significant medical expenses for his extensive cancer treatment and will incur further expenses in the future;

d. Underwent numerous treatments including being exposed to potent and powerful medications and procedures; and

e. Suffered, continues to suffer, and will in the future suffer loss of enjoyment of life.

23. As a direct and proximate result of Defendant's negligent, grossly negligent, reckless, willful and wanton conduct, as set forth above, Mr. Rudman has suffered actual and consequential damages as more fully described above and is entitled to such damages, as may be proven at trial.

**FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT**
(Loss of Consortium)

The allegations of the foregoing paragraphs are incorporated herein as if set forth verbatim.

24. Mr. and Mrs. Rudman are a legally married couple living together as husband and wife at their marital residence in the State of South Carolina.

5

25. Defendant is liable for the negligent, grossly negligent, reckless, willful, and wanton conduct of Dr. Pressly as set forth above which directly and proximately resulted in the injuries to Mr. Rudman as set forth above.

26. As a direct and proximate result of the injuries suffered by Mr. Rudman, Mrs. Rudman has lost the companionship, aid, society, and services of her husband.

27. As a result of Defendant's negligent, grossly negligent, reckless, willful, and wanton conduct as set forth above, Mrs. Rudman is entitled to recover from Defendant the requested relief as set forth below in accordance with S.C. Code Ann. § 15-75-20.

### **RELIEF REQUESTED**

WHEREFORE, Plaintiffs pray that the Court holds Defendant the United States of America liable for the conduct complained of its employee herein, to enter judgment against Defendant the United States of America and in favor of Plaintiffs, and to award the following relief:

 a. Actual and consequential damages in an amount provable at trial; and

 b. For other such relief as this Court deems just and equitable.

                                                 FINKEL LAW FIRM, LLC
                                                 1201 Main Street, Suite 1800
                                                 Post Office Box 1799
                                                 Columbia, South Carolina 29202
                                                 (803) 765-2935


                                                 _/s William R. Padget_____
                                                 William R. Padget (Fed. ID: 09466)
                                                 Carl D. Hiller (Fed. ID: 11755)
Columbia, South Carolina                     Attorneys for Plaintiffs
November 1, 2016